UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVE YANG,

    Petitioner,

    v.                                                 Case No. 05-C-722

WILLIAM POLLARD,
Warden, Green Bay Correctional Institution,

    Respondent.

**ORDER RE: RULE 4 REVIEW; APPLICATION TO PROCEED IN FORMA PAUPERIS; APPOINTMENT OF COUNSEL; AND BRIEFING SCHEDULE**

On July 7, 2005, the petitioner, Steve Yang ("Yang"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the submissions filed therewith, Yang was charged in the Milwaukee County Circuit Court with two counts of first degree endangering safety, contrary to Wis. Stat. § 941.30(1), one count of endangering safety by use of a dangerous weapon, contrary to Wis. Stat. § 941.20(2)(a), and one count of possession of a firearm by a felon, contrary to Wis. Stat.§ 941.29(2). The charges were the result of a shooting incident in which Yang was involved. After a jury trial, Yang was found not guilty of Count 1, but was convicted of the other three counts (Counts 2, 3, and 4). On December 14, 2001, Yang was sentenced on Count 2 to serve 11 years imprisonment and 9 years extended supervision, on Count 3 to a term of 10 years imprisonment and 5 years of extended supervision, concurrent with Count 2, and on Count 4 to a term of 4 years imprisonment and 4 years extended supervision, consecutive to Count 2.

On February 24, 2003, Yang filed a motion for postconviction relief and requested an evidentiary hearing. The circuit court ordered briefing on the issues raised and on May 12, 2003, the court denied Yang's motion, without conducting an evidentiary hearing.

On April 13, 2004, the Wisconsin Court of Appeals affirmed Yang's judgment of conviction and sentence and the order denying postconviction relief. On August 2, 2004, the Wisconsin Supreme Court denied Yang's petition for review.

Yang's habeas corpus petition alleges that he was denied his right to effective assistance of counsel, under the Sixth and Fourteenth Amendments and *Strickland v. Washington*, 466 U.S. 668 (1984) because: (1) trial counsel failed to investigate and present testimony of a "fact" witness who was present in the car with Yang at the time of the shooting, and who would have corroborated Yang's self-defense claim and (2) trial counsel failed to impeach the State's key witness, Pao Vang, who denied having a gun at the time of the incident, with evidence of Vang's pending criminal charge and with evidence of Vang's prior involvement in weapons-related offenses.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Yang's petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition and the briefing schedule

2

which is set forth below will thereafter govern the processing of Yang's petition.

Finally, Yang has filed an application to proceed in forma pauperis as well as a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. Indeed, Yang seeks to have the court appoint the same attorney who represented him in the state appellate proceedings.

Yang's application to proceed in forma pauperis will be granted. Furthermore, because I am satisfied that counsel would be of assistance to the court and because I am satisfied that the interests of justice call for the appointment of counsel to represent Yang in this case, Yang's motion for appointment of counsel will be granted.

**NOW THEREFORE IT IS ORDERED** that on or before September 1, 2005, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before October 3, 2005, the petitioner shall file a brief in support of his petition;

**IT IS FURTHER ORDERED** that on or before November 3, 2005, the respondent shall file a brief in response to the petitioner's brief;

**IT IS FURTHER ORDERED** that on or before December 1, 2005, the petitioner shall file his reply brief;

**IT IS FURTHER ORDERED** that the petitioner's application to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for appointment of counsel be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Attorney David D. Cook, State Bar # 1005969, be and hereby is appointed to represent Yang in this habeas corpus proceeding pursuant to the provisions

of 18 U.S.C. § 3006A.

      **SO ORDERED** this <u>18th</u> day of July 2005, at Milwaukee, Wisconsin.

                          <u>/s/ William E. Callahan, Jr.</u>
                          WILLIAM E. CALLAHAN, JR.
                          United States Magistrate Judge