UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



STEVE YANG,

    Petitioner,

v.      Case No. 05-C-0722

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

    Respondent.

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

On July 7, 2005, Steve Yang petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In an order dated July 18, 2005, Judge William E. Callahan directed the state to respond to Yang's petition. The state complied by filing its response on December 5, 2005. For the reasons discussed below, Yang's petition will be denied.

    I.    The Legal Standard for Granting Habeas Relief

A petition seeking a writ of habeas corpus may not be granted on any claim adjudicated on the merits in state court unless the decision "was contrary to, or involved an unreasonable application of, clearly established" United States Supreme Court law or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court law if (1) the state court's conclusion is opposite from that of the Supreme Court on a question of law, or (2) the state court's decision on materially indistinguishable facts was different from that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000). A ruling is an "unreasonable application" of Supreme Court law if the state court identified the correct governing legal principle but applied that

principle to the facts of the case unreasonably. *Id.* at 407-09, 413. When a federal court analyzes the "unreasonable application" prong, it "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

II. Petitioner Has Failed to Meet the Standard for Habeas Relief

Yang was convicted in the Milwaukee County Circuit Court on December 19, 2001, of (1) first-degree reckless endangering while using a dangerous weapon; (2) discharging a firearm into a vehicle as a habitual criminal; and (3) possession of a firearm by a convicted felon, also as a habitual criminal. He was acquitted of first-degree reckless endangering of Pao Vang. Yang was sentenced to a 15-year imprisonment term and a 13- years of extended supervision. He remains incarcerated at the Green Bay Correctional Institution, Green Bay, Wisconsin.

In his petition, Yang claims ineffective assistance of counsel. He argues that his trial attorney failed (1) to investigate and call to the stand Tou Xiong who witnessed the shooting; (2) to impeach state witness Pao Vang with proof that, at the time of the trial, Vang had a pending obstruction of justice charge against him; and (3) to impeach Vang with proof that he had been adjudicated delinquent several years earlier for a weapons offense. The trial court as well as the state Court of Appeals rejected these arguments under *Strickland v. Washington*,[1] holding that his attorney's performance was neither deficient nor prejudicial. *State v. Yang*, 273 Wis.2d 785, *3-6 (Ct. App. 2004).

Although Yang asserts in his petition that his attorney should have cross-examined Vang regarding his impending guilty plea to obstruction of justice, the Wisconsin

---

[1] 466 U.S. 668 (1984) (to prove ineffective assistance of counsel, petitioner must demonstrate that counsel's performance was deficient, and that petitioner was prejudiced as a result).

2

Court of Appeals held that evidence of Vang's pending charge was not admissible under Wis. Stat. Rule 906.09,[2] since Vang had not been convicted at that time. *Id.* at *4. Although Vang testified that he had an obstruction of justice conviction, the trial court instructed the jury that the testimony was incorrect. *Id.* The appellate court held that, in issuing that instruction, the trial court "was well within its discretion because it, in effect, restored the status quo of Pao Vang's then-extant criminal-conviction condition." *Id.* Thus, Yang's counsel's failure to confront Vang with an impending conviction was not prejudicial. *Id.*

Next, Yang argues that his attorney should have confronted Vang regarding the status of his obstruction case. The appellate court acknowledged that a witness may be impeached if a court has accepted his guilty plea to a crime at the time of Yang's trial Vang had not been convicted. Moreover, the trial court instructed the jury that Vang testified incorrectly that he had been convicted of a crime. *Id.* at 4. Further, the Wisconsin Court of Appeals rejected Yang's claim that trial counsel should have questioned Vang concerning the obstruction charge to reveal bias and motive to fabricate. *Id.* Citing the two-prong test of *Kimmelman v. Morrison*, 477 U. S. 375 (1986)[3] the Court of Appeals observed that defendant Yang testified that he acted in self-defense in firing shots that hit Vang and that this claim turned on whether Vang threatened him with a weapon. *Id.* The appeals court added: "While Pao Vang's pending charge may have added incrementally

---

[2] Under Wis. Stat. Rule 906.09, prior convictions of crimes are admissible to impeach a witness, but not pending charges.

[3] A decision applying *Strickland's* competency and prejudice analysis to the petitioner's ineffective assistance claim and underscoring the petitioner's obligation to establish a reasonable probability that the verdict would have been different but for counsel's errors.

3

to the jury's assessment of Pao Vang's credibility, Steve Yang's lawyer's failure to introduce evidence about the pending charge did not make the trial's result unreliable. Steve Yang has not sustained his burden to show prejudice under the second part of the *Strickland* test." *Id.* Thus, with regard to the cross-examination of Pao Vang, the Court of Appeals determined that the performance of Vang's counsel met both prongs of *Strickland* and was not deficient. This court cannot disagree.

As for Yang's assertion that his lawyer should have cross-examined Vang regarding his juvenile adjudication for possession of a dangerous weapon, the Court of Appeals held that, because that adjudication was reversed, it was inadmissible. *Id.* at *5. Moreover, it ruled that "[a]ny prior conviction Pao Vang may have had is irrelevant to Steve Yang's self-defense claim," because at the time of the shooting, Yang had no knowledge of Vang's history. *Id.*

Finally, petitioner contends that his attorney failed to investigate and call as a witness Tou Xiong. He submits that Xiong would have testified to seeing Vang reach into his jacket as if he were going to pull out a gun. However, the Court of Appeals held that the argument fails on both prongs of *Strickland*. *Id.* Under *Strickland*, Yang's attorney did not have to investigate Xiong's involvement, because Yang was present during the shooting at issue and could have briefed his attorney regarding Xiong and other relevant details. *Id.* Further, although Yang was convicted of endangering Mai Yang, he was acquitted of endangering Vang. *Id.* The court observed that "the fact that the law may allow the defendant to use force in self-defense as to Pao Vang does not necessarily mean that the causing of harm to Mai Yang was lawful." *Id.* Thus, the acquittal with respect to

4

Vang shows that petitioner was not prejudiced by his counsel's failure to call Xiong as a witness. *Id.*

Because these rulings do not constitute an unreasonable application of the Supreme Court law within the meaning of *Williams v. Taylor*, 529 U.S. 362 (2000),

IT IS ORDERED that Yang's petition for a writ of habeas corpus is DENIED.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2005.

BY THE COURT

C. N. CLEVERT, JR.
U. S. District Judge

5

This 12th day of Dec, 2005, pursuant to Rule 77(d) Federal Rules of Civil Procedure, copies of this document were mailed by M Jones to the following parties:

David D Cook
Cook Law Office
N3927 Cty Hwy J
Monroe, WI 53566

Daniel J O'Brien
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707-7857